IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:03CR459 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ERNEST M. DUNCAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 29). The Court has also considered the supporting brief (Filing No. 30). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

**FACTUAL BACKGROUND**

The Defendant, Ernest M. Duncan, pleaded guilty to a one-count Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

The Presentence Investigation Report ("PSR") included a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2). In pertinent part, § 2K2.1(a)(2) requires two prior felony convictions for a crime of violence. The PSR alleged that Duncan had prior

convictions for operating a motor vehicle to avoid arrest and also for attempted escape, and that both were crimes of violence pursuant to U.S.S.G. § 4B1.2(a) and application note 1. Duncan objected to the PSR, claiming that his base offense level should have been 22, rather than 24, pursuant to U.S.S.G. § 2K2.1(a)(3). In his objection to the PSR, Duncan specifically "[did] not contest that his prior felony conviction for operating a motor vehicle to avoid arrest [was] a crime of violence." (Filing no. 18.) However, his objection to the PSR did claim that his prior conviction for attempted escape should not be considered a "crime of violence." Prior to sentencing, the court issued a tentative findings letter to the parties which notified the parties of the court's intention to rule on defendant's objection to attempted escape enhancement at the time of sentencing.

At Duncan's March 25, 2004 sentencing hearing, the court denied Duncan's objection. However, the Court granted Duncan's Motion for Downward Departure based on over representation of the criminal history category, reducing the Defendant's criminal history category from VI to IV. Accordingly, based on a total offense level of 21 and a criminal history category of IV, the applicable sentencing guideline range was 57-71 months. This court sentenced Duncan to 57 months of imprisonment and 2 years supervised release. (Filing No. 23.)

## DISCUSSION

Duncan timely filed his pro se § 2255 motion pro se. Duncan argues that his due process rights were violated when he was assessed a base offense level of 24 based on his two prior felonies being classified as crimes of violence. Duncan requests the following relief: (1) that the court find that Duncan's appropriate base offense level is 22, (2) that the

court re-sentence Duncan using a base offense level of 22, and (3) that the court appoint counsel to represent Duncan regarding his section 2255 motion.

*Prior Conviction for Attempted Escape*

Duncan claims that his felony conviction for attempted escape from the Nebraska Omaha Community Corrections Center should not be classified as a crime of violence. According to court records, while Duncan was being held at the corrections center, he received a pass to seek employment on April 13, 2001.  Duncan did not return to the corrections center at his scheduled return time.  On April 25, the Omaha police arrested Duncan during a routine traffic stop of a vehicle with improper license plates.  Duncan was convicted of attempted escape in Douglas County District Court.

Duncan claims that his attempted escape should not be classified as a crime of violence because there was no "threatenjng [sic] use of physical force against the person of another . . . [or a] serious potential risk of physical injury to another."  (Filing No. 30, at 4 (*citing* U.S.S.G. § 4B1.1(a)(1)-(2)).  However, Duncan's argument, which relies solely on §§ 4B1.1(a)(1)-(2) of the sentencing guidelines, is misplaced.  The Eighth Circuit Court of Appeals has stated that even a walkaway escape conviction absent any threat of force or violence qualifies as a crime of violence pursuant to U.S.S.G. § 4B1.1.  *United States v. Gary,* 341 F.3d 829, 836 (8th Cir. 2003), *cert. denied,* 540 U.S. 1139 (2004). Duncan's brief fails to recognize Eighth Circuit precedent regarding classification of attempted felonies for enhancement purposes.  It plainly appears that the Defendant is not entitled to relief with respect to this prior conviction, and therefore this portion of the § 2255 motion is summarily denied.

*Prior Conviction for Operating a Motor Vehicle to Avoid Arrest*

Duncan also argues that his prior conviction for operating a motor vehicle to avoid arrest should not be classified as a crime of violence. The United States shall respond to the Defendant's claim by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 29);

2. Upon initial review, the Court finds that summary dismissal of the Defendant's first § 2255 motion is not required;

3. On or before July 13, 2005, the United States shall file an Answer the defendant's § 2255 motion insofar as the motion regards the prior conviction of operating a motor vehicle to avoid arrest and support its Answer with a brief; and

4. On or before August 15, 2005, the Defendant may file a responsive brief.

DATED this 13th day of June, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge