## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **8:03CR459** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **ERNEST M. DUNCAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 29).

### FACTUAL BACKGROUND

The Defendant, Ernest M. Duncan, pleaded guilty to a one-count Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

The Presentence Investigation Report ("PSR") included a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2). In pertinent part, § 2K2.1(a)(2) requires two prior felony convictions for crimes of violence. The PSR alleged that Duncan had prior convictions for operating a motor vehicle to avoid arrest and also for attempted escape, and that both were crimes of violence pursuant to U.S.S.G. § 4B1.2(a) and application note 1. Duncan objected to the PSR, claiming that his base offense level should have been 22, rather than 24, pursuant to U.S.S.G. § 2K2.1(a)(3). In his objection to the PSR, Duncan specifically "[did] not contest that his prior felony conviction for operating a motor vehicle to avoid arrest [was] a crime of violence." (Filing No. 18.) However, his objection to the PSR did claim that his prior conviction for attempted escape should not be considered a "crime of violence." Prior to sentencing, the court issued a tentative findings letter to the

parties that notified the parties of the court's intention to rule on defendant's objection to the attempted-escape enhancement at the time of sentencing.

At Duncan's March 25, 2004, sentencing hearing, the Court denied Duncan's objection. However, the Court granted Duncan's Motion for Downward Departure based on over-representation of the criminal history category, reducing the Defendant's criminal history category from VI to IV. Accordingly, based on a total offense level of 21 and a criminal history category of IV, the applicable sentencing guideline range was 57-71 months. This court sentenced Duncan to 57 months of imprisonment and 2 years' supervised release. (Filing No. 23.) Duncan did not appeal his conviction.

Duncan timely filed his pro se § 2255 motion. Duncan argues that his due process rights were violated when he was assessed a base offense level of 24 based on his two prior felonies being classified as crimes of violence. Duncan requests the following relief: (1) that the court find that Duncan's appropriate base offense level is 22, (2) that the court re-sentence Duncan using a base offense level of 22, and (3) that the court appoint counsel to represent Duncan regarding his section 2255 motion. Upon Initial Review the court dismissed defendant's claim that the court should not have classified his prior conviction for attempted escape as a prior crime of violence and ordered the government to answer defendant's claim that the court should not have classified his prior conviction for operating a motor vehicle to avoid arrest as a crime of violence. The court has reviewed the submissions by the government (Filing Nos. 35 & 36) and finds as follows.

**DISCUSSION**

For the first time in this § 2255 motion, defendant challenges that his conviction for operating a motor vehicle to avoid arrest is not a crime of violence. In fact, during sentencing defendant conceded that this conviction was a crime of violence. (Filing

2

No. 18).  Because Duncan did not raise this claim at sentencing, he is precluded from raising it in a § 2255 motion. See *Poor Thunder v. United States*, 810 F.2d 817, 822 n. 5 (8th Cir.1987); *Simmons v. United States*, 777 F.2d 660, 661-62 (11th Cir.1985) (per curiam).

Furthermore, this issue is also procedurally barred, as it was not raised on appeal and Duncan has not overcome this procedural default by showing: 1) cause for the default; and 2) actual innocence.  *McNeal v. United States,* 249 F.3d 747, 748 (2001).

Therefore, because defendant's claim is procedurally barred, his Motion for the Production of Transcripts (Filing No. 33) is moot.

IT IS ORDERED:

1.     Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 29) is denied;

2.     Defendant's Motion for the Production of Transcripts (Filing No.  33) is denied as moot;

3.      Defendant's Motion for Leave to Proceed In Forma Pauperis (Filing No.  34) is granted;

4.     A separate Judgment will be issued; and

5.     The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 19th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3